# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TYSIN L. GORDON,

  Petitioner,

  v.

UNITED STATES OF AMERICA,

  Respondent.

CASE NO. 2:19-CV-3439
CRIM. NO. 2:14-CR-00127(4)
JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner who is proceeding without the assistance of counsel, has filed a Motion for Leave to File an Untimely § 2255 and Motion to Vacate under 28 U.S.C. §2255. (ECF Nos. 1623, 1624.) This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. This matter is before the Court on its own motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the Undersigned **RECOMMENDS** that Petitioner's Motion for Leave to file an Untimely § 2255 (ECF No. 1623) be **DENIED** and that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1624) be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his conviction pursuant to the terms of his negotiated Plea Agreement on conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d). (*Plea Agreement,* ECF No. 796, PAGEID # 3678, filed under seal.) In a Judgment filed on August 4, 2016, the Court imposed a term of 96 months incarceration, to be followed by three years supervised release. (ECF No. 1240.)

On August 6, 2019, Petitioner filed the motions currently pending before this Court. (ECF Nos. 1623, 1624.) Petitioner does not indicate the date that he executed his motions. (*See* ECF No. 1623, PAGEID # 19476.) He asserts that his attorney performed in a constitutionally ineffective manner by advising him to plead guilty without conducting adequate investigation (claim one); that his guilty plea was not knowing, intelligent, or voluntary (claim two); and that the government committed prosecutorial misconduct by vindictively pursing charges against him (claim three). However, the record indicates that the one-year statute of limitations bars Petitioner's claims.

## II. STATUTE OF LIMITATIONS

A one-year statute of limitations applies to the filing of federal habeas corpus petitions. 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

## III. ANALYSIS

Petitioner did not file an appeal. Therefore, his conviction became final under the provision of § 2255(f)(1) on August 28, 2016, fourteen days after entry of the August 4, 2016 Judgment of Conviction, when the time period expired to file an appeal. *Sanchez-Castellano v.*

*United States,* 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P. 4(b)(1)(A). The statute of limitations began to run on the following day and expired one year later, on August 29, 2017. Petitioner waited almost two years to file the Motion for Leave to File an Untimely § 2255 and Motion to Vacate under 28 U.S.C. §2255.

Petitioner argues that the Court should equitably toll the running of the statute of limitations because he did not know about the one-year statute of limitations applied in federal habeas corpus cases and because he stated at sentencing that he did not want to file an appeal based on the advice of counsel. Petitioner also indicates that he only recently learned that the facts charged did not support a conviction on conspiracy to commit racketeering given that he did not possess or shoot a firearm. Petitioner maintains that his attorney wrongly advised him that it did not matter whether he possessed or shot a fireaerm. Petitioner thus contends that his actual innocence also justifies equitable tolling of the statute of limitations:

> Gordon did not have a gun, and he did not shoot at anyone. He was simply at [the] wrong place at the wrong time. There was never any proof Gordon knew beforehand that there was going to be a shooting, there was never any proof anywhere that Gordon knew there were weapons in the car he was riding in nor that there was a plan for the shooting to take place, further, nowhere was there any proof of intent.

(*Motion for Leave to file an Untimely § 2255*, ECF No. 1623, PAGEID # 19461-62.)

The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Equitable tolling of the statute of limitations, however, is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S.641, 649 (2010) (citing *Pace v.*

*DiGuglielmo,* 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt,* 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).

Petitioner has failed to meet his burden of establishing entitlement to equitable tolling. Neither his *pro se* status nor his attorney's allegedly improper advice not to file an appeal after waiving his right to appeal under the explicit terms of his Plea Agreement (ECF No. 796,

4

PAGEID # 3680-81, filed under seal) suffice as grounds for equitable tolling of the statute of limitations. Further, all of the claims Petitioner now raises would have been apparent to him at the time of entry of his guilty plea. Petitioner has failed to establish that he acted diligently in pursuing relief. His assertion that it took him two years to discover that he should not have admitted his guilt to the charge does not assist him. In short, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *Holland*, 560 U.S. at 649.

Petitioner's contention that he is entitled to equitable tolling because he is innocent is likewise unavailing. A petitioner's actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005); *Knickerbocker v. Wolfenbarger*, 212 F. App'x 426, 431–32 (6th Cir. 2007); *Stoker v. Watson*, 184 F. App'x 496, 497 (6th Cir. 2006); *Bolton v. Berghuis*, 164 F. App'x 543, 549–50 (6th Cir. 2006)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). However, a petitioner must overcome a high hurdle in order to establish his actual innocence:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway

5

and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808. . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Id. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589-90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkin*s, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327). Petitioner has failed to meet this standard here. He does not refer to any credible evidence of actual innocence and has provided no new reliable evidence supporting his claim of actual innocence. Further, and although Petitioner now maintains that he never possessed a firearm in relation to the charge against him, the record indicates the contrary. For example, the PreSentence Investigation Report states:

> From February 4, 2005 through February 15, 2006. . . Tysin Gordon. . . tampered with Witness, C.K., through intimidation and bribery to prevent him from testifying about being shot by Lance Green. The coconspirators threatened to cause physical harm to C.K. if he did not provide false testimony regarding the shooting. Additionally, the defendants forced C.K. to submit an affidavit recanting his testimony regarding the shooting.
>
> On April 17, 2005, Green, Wright, and Gordon had been at a hotel when they learned of the whereabouts of Ricky Darthard. All three men left the hotel in a green SUV to search for Darthard. Green had a .45 caliber handgun and an assault rifle in the SUV. When Green, Wright, and Gordon found Darthard driving his car. . . Green and Writ attempted to murder him by firing weapons at him. . . .
>
> \*\*\*

> [I]nvestigation disclosed that Gordon [] possessed a .9mm Smith and Wesson firearm on May 13, 2005, and an unknown firearm on June 14, 2006 with which he shot himself in the leg. Likewise, the defendant, along with other SNP members. . . possessed a .9mm Interarms firearm and a .380 Colt Revolver on April 10, 2008. On February 1, 2009, the defendant was in possession of a .380 Colt revolver and a .38 Rossi revolver. Lastly, on September 10, 2012, Gordon was in possession of a .9mm Beretta firearm with a thirty round magazine. He informed police that he just robbed someone with the firearm.
>
> On November 21, 2006, in the area of 1950 North 4th Street, Gordon, Coates, and Johnson robbed rival gang member J.B. of jewelry, cash, and a leather coat with a firearm. Gordon was also found to be in possession of oxycodone on December 22, 2008; and digital scales, baggies with cocaine residue, and $1,129 in U.S. currency on May 26, 2010. Lastly, on May 31, 2013, in the area of 1623 Pennsylvania Avenue, East Liverpool, Ohio, Tysin Gordon was in possession of cocaine base, a digital scale, and $2,7000 in U.S. currency.
>
> In summary, Gordon and others were involved in robberies during which they stole jewelry, cash, and a leather coat. Additionally, he was involved in an attempted murder.

PreSentence Investigation Report, ¶¶ 55-60.

> The facts of the case revealed Gordon possessed six firearms on five different occasions. On May 13, 2005, he was in possession of a .9mm Smith and Wesson; on June 14, 2006, and November 20, 2006, he was in possession of an unknown firearm; on April 10, 2008, Gordon was in possession of a .9mm Interarms Firestar and a .38 caliber Colt revolver; and on February 1, 2009, he was in possession of a .9mm Beretta.

*Id*. at ¶ 92. The transcript of the guilty plea hearing has not been made a part of the record. At sentencing, however, Petitioner stated that he had received a copy of the PreSentence Investigation Report at least ten days prior to the sentencing hearing and had reviewed and discussed it with his attorney. (*Transcript*, ECF No. 1600, PAGEID #19229.) His attorney had answered all of his questions about the report. Significantly, he did not dispute any of the factual statements contained within the PreSentence Investigation Report. (*Id*.)

For all of these reasons, the undersigned concludes that Petitioner has failed to establish he is entitled to equitable tolling based on his actual innocence.

7

## IV.  RECOMMENDED DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that Petitioner's Motion for Leave to file an Untimely § 2255 (ECF No. 1623) be **DENIED** and that his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1624) be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE