IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
EASTERN DIVISION

TYSIN L. GORDON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:19-cv-3439
CRIM. NO. 2:14-CR-00127(4)
JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

## **ORDER**

On August 14, 2019, the Magistrate Judge issued a Report and Recommendation pursuant recommending that Petitioner's Motion for Leave to file an Untimely § 2255 (ECF No. 1623) be denied and that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1624) be dismissed. (ECF No. 1628.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 1632.)

Petitioner objects to the recommendation of dismissal of this action as time-barred. He again asserts that he is actually innocent of the charges and that he would not have pleaded guilty, but for the ineffective assistance of counsel. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons already discussed, the record does not reflect that Petitioner's actual innocence justifies equitable tolling of the statute of limitations.

The Report and Recommendation (ECF No. 1628) is **ADOPTED** and **AFFIRMED**. Petitioner's Motion for Leave to file an Untimely § 2255 (ECF No. 1623) is **DENIED**. The Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1624) is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S.— . —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate this Court's resolution of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED.**

/s/ *[signature]*
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

2